UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

                            **MEMORANDUM & ORDER**

    -against-

                            97 CR 998 1 (RJD)

STANLEY BURRELL,

                Defendant.
-----------------------------------------------------------X
DEARIE, District Judge.

      Defendant Stanley Burrell, currently serving a term of life imprisonment for his role in "organiz[ing] and operat[ing] a cocaine base ('crack') and heroin distribution network at Marcy Houses . . . in Brooklyn, New York from approximately 1990 to 1997," United States v. Burrell, 289 F.3d 220, 222 (2d Cir. 2002), moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

      The motion implicates a pair of recent amendments to the United States Sentencing Guidelines ("USSG"). In 2007, the Sentencing Commission reduced by two levels each of the base offense levels associated with certain quantities of crack cocaine. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (making amend. 706 retroactive, effective Mar. 3, 2008); USSG § 1B1.10(c). Then in 2010, following Congress's passage of the Fair Sentencing Act, which reduced the 100:1 powder/crack cocaine mandatory minimum sentencing disparity to 18:1, the Sentencing Commission again amended the Guidelines applicable to crack cocaine by raising the quantities of crack required to trigger each base offense level. See USSG App. to Supp. C, amend. 750 (effective Nov. 1, 2010, made permanent

Apr. 6, 2011, and made retroactive Nov. 1, 2011); see also Pub. L. No. 111-220, 124 Stat. 2372 (2010).[1]

## I. BACKGROUND

In March 1999, after a trial before the late Honorable Eugene H. Nickerson, a jury convicted defendant of conspiring to possess and distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841 and 846, and of organizing a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. See ECF Docket # 184. As a result, in April 2000, Judge Nickerson imposed consecutive sentences of life imprisonment. ECF Docket # 248. On appeal, the Second Circuit affirmed defendant's conviction on the CCE count, upheld the sentencing Court's guidelines determination, and ruled that Apprendi v. New Jersey, 530 U.S. 466 (2000) was inapplicable, but vacated the conspiracy conviction as a lesser included offense of the CCE charge. See United States v. Burrell, 43 Fed. Appx. 403, 408 (2d Cir. 2002); Burrell, 289 F.3d at 224-25.

The Second Circuit did not remand for resentencing "because the Guidelines mandated a sentence of life imprisonment on [the] CCE conviction alone." Burrell v. United States, 467 F.3d 160, 166 (2d Cir. 2006). Based upon findings within the Presentence Report ("PSR") and its later addendum, the sentencing Court had "held [defendant] accountable for the distribution of a conservative estimate of 61.54 kilograms of crack-cocaine . . . ." PSR at 6. This quantity had resulted in a base offense level of 38 under USSG § 2D1.1(c)(1), which the sentencing Court was required to adjust upward by four levels under the CCE guideline, id. § 2D1.5(a)(1), and by another two levels for defendant's possession of a firearm during the conspiracy, id.

---

[1] Although defendant's April 3, 2008 motion for retroactive application of the 2007 amendments predated the 2010 amendments to the Sentencing Guidelines, this Court is empowered to move sua sponte for a sentence reduction. 18 U.S.C. § 3582(c)(2) ("[O]n its own motion, the court may reduce the term of imprisonment . . . .").

2

§ 2D1.1(b)(1), for a total offense level of 44. That defendant's criminal history category was a VI played no role in the ultimate sentence imposed because an offense level of 43 or higher under the guidelines—regardless of criminal history—resulted in a life sentence. In March 2003, the Supreme Court denied defendant's petition for a writ of certiorari as untimely. Burrell v. United States, 538 U.S. 937 (2003).

In April 2005, as mandated by the Second Circuit, this Court entered an Amended Judgment reflecting the conspiracy count's dismissal. ECF Docket # 312. Defendant then challenged his mandatory life sentence for the CCE conviction, both by letters to this Court, ECF Docket # 313, 315, and on appeal to the Second Circuit, on the ground that the sentence violated the principles set forth in United States v. Booker, 543 U.S. 220 (2005), see ECF Docket # 317. The Second Circuit affirmed, holding that because defendant's sentence became final, at the latest, upon the denial of his untimely petition for certiorari in March 2003, Booker—decided nearly two years later—was inapplicable to his case on direct review. See Burrell, 467 F.3d at 166. The Second Circuit left open the possibility that Booker might apply retroactively on collateral review.[2] After subsequently construing defendant's challenge as a petition for collateral review under 28 U.S.C. § 2255, however, this Court held that Booker afforded defendant no relief because that decision likewise did not apply retroactively to cases on collateral review. See 06-cv-6636, ECF Docket # 8, Memorandum & Order (citing Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005)). The Sentencing Commission then twice retroactively amended the guidelines relating to crack offenses in 2007 and 2010.

---

[2] At the time the Second Circuit rendered its decision, the issue of whether Booker applied retroactively to cases on collateral review was pending before the Supreme Court in Burton v. Waddington, 549 U.S. 147, 149 (2007) (per curiam), a case which ultimately was decided on other grounds without addressing the retroactivity issue. Id.

3

## II. DISCUSSION

"The Supreme Court . . . [has] explained that § 3582(c)(2) permits a 'limited adjustment to an otherwise final sentence' . . . and set forth a 'two-step inquiry' for resolving motions for a reduction in sentence pursuant to this provision." United States v. Mock, 612 F.3d 133, 136-37 (2d Cir. 2010) (quoting Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2010)). "First, the defendant in question must be eligible for a reduction in sentence." Id. at 137 (emphasis in original). To be eligible for a reduction, a defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon, 130 S. Ct. at 2691 (holding that, in sentence modification proceedings based upon the crack cocaine amendments, § 1B1.10 conclusively and mandatorily "determines [a] prisoner's eligibility for a sentence modification and the extent of the reduction authorized"). "If, and only if, a defendant is eligible for a reduction in sentence under" these provisions, then a district court may "'consider any applicable § 3553(a) factors and determine whether'" a reduction is warranted. Mock, 612 F.3d at 137 (quoting Dillon, 130 S. Ct. at 2692).

Defendant's sentence was based in part upon the crack cocaine Guidelines, the offense levels for which the Sentencing Commission has since lowered twice. Despite these general reductions, a sentence modification is "not authorized" where the crack cocaine amendments "do[] not have the effect of lowering the defendant's applicable guideline range," USSG § 1B1.10(a)(2)(B) (emphasis added), such as where "the weight of the controlled substances attributed to [defendant] is so great that [his] respective sentencing range[] would be the same under the amended Sentencing Guidelines," United States v. Johnson, 633 F.3d 116, 116 (2d Cir. 2011).

As in Johnson, here there is "no basis in the record to challenge successfully the [prior] determination of" drug quantity attributable to defendant. Id. at 118; see also USSG § 1B1.10(b)(1) (directing a court evaluating a § 3582(c)(2) motion to substitute the amended offense levels and "leave all other guideline application decisions unaffected"). At the time of defendant's 2000 sentencing, the conservative estimate of 61.54 kilograms of crack cocaine attributed to defendant represented over 40 times the minimum of 1.5 kilograms then required for the highest base offense level under the Guidelines. Although the recent amendments raise the minimum quantity of crack cocaine required for the highest base offense level (38) to 8.4 kilograms, see USSG § 2D1.1(c)(1); id. App. to Supp. C, amend. 750, this amount is still far below the 61.54 kilograms attributed to defendant in this case. Substituting the amended offense levels for those in place at defendant's sentencing, therefore, makes no difference; defendant's base offense level remains 38, his total offense level remains 44 and the applicable Guideline sentence remains life imprisonment. See Johnson, 633 F.3d at 117 (affirming district court's denial of several § 3582(c)(2) motions where raised minimum quantities did not affect the defendants' applicable sentencing ranges).

While it is true that Judge Nickerson did not make an explicit weight determination or expressly adopt the findings of the PSR, the sentencing transcript confirms that the sentencing Court unequivocally found that defendant was responsible for far more than 8.4 kilograms of crack. As defendant admittedly was "facing a mandatory life sentence" due to the "more than 1.5 kilograms involved," combined with the CCE conviction and firearm enhancement, defendant's attorney challenged the bases for the government's calculation. ECF Docket # 383, Sentencing Transcript ("Tr.") at 12. The Sentencing Court was not swayed. Noting that defendant's offense level would not change were the amount of crack cocaine attributable to defendant even "ten

5

times [or] 15 times" the minimum (i.e. approximately 15 to 22.5 kilograms), that the supporting evidence was "all in the record," and that he was "not going to try the case again," id. at 14, Judge Nickerson did more than "merely reject[] [defendant]'s proposed factual contentions." United States v. Maturo, 982 F.2d 57, 62 (2d Cir. 1992). Rather, he "ma[de] specific affirmative factual findings" as to drug quantity, id., and this Court is without discretion or justification to disturb this prior determination.

Defendant does not argue otherwise. Rather, the crux of defendant's submission is that "this Court in its discretion to modify [defendant]'s mandatory sentence of life, should recalculate the applicable guideline range in light of [the Supreme Court's holdings in] Booker, Gall and Kimbrough . . . ." ECF Docket # 376, Defendant's Motion at 1. As noted above, however, both this Court and the Second Circuit previously have foreclosed such an argument, both on direct and collateral review. Furthermore, 18 U.S.C. § 3582(c)(2) "does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." Dillon, 130 S. Ct. at 2694. As already discussed, those clear boundaries do not allow this court even to consider such a reduction. To the extent that defendant asks this Court to consider "whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines" due to disagreement with the powder/crack cocaine disparity under United States v. Regalado, 518 F.3d 143 (2d Cir. 2008), Regalado applies only to sentences imposed after Booker and before Kimbrough were decided, and accordingly, does not apply here.

## III. CONCLUSION

The law of sentencing has evolved greatly over the past few years. While this evolution has benefited certain of defendant's co-conspirators, the timing of defendant's conviction and the circumstances of his offense place such developments, and their accompanying remedies, just beyond reach. Understandably, defendant may question the justifications for such treatment. This Court, however, must apply the law as written. Thus, for the reasons stated above, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Brooklyn, New York
      May 21, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge