UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-

MICHELLE MILES,

                           Defendant.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

97 CR 998 2 (RJD)

DEARIE, District Judge.

Defendant Michelle Miles, currently serving a thirty-year prison term for her role "as business manager for [a crack and heroin distribution network in Brooklyn], hiring workers, scheduling shifts, supplying workers, collecting money, and cooking and packaging crack," United States v. Burrell, 289 F.3d 220, 223 (2d Cir. 2002), moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

The motion implicates a pair of recent amendments to the United States Sentencing Guidelines ("USSG"). In 2007, the Sentencing Commission reduced by two levels each of the base offense levels associated with certain quantities of crack cocaine. See USSG App. to Supp. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (making amend. 706 retroactive, effective Mar. 3, 2008); USSG § 1B1.10(c). Then in 2010, following Congress's passage of the Fair Sentencing Act, which reduced the 100:1 powder/crack cocaine sentencing disparity to 18:1, the Sentencing Commission again amended the Guidelines applicable to crack cocaine by raising the quantities of crack required to trigger each base offense level. See USSG App. to Supp. C, amend. 750 (effective Nov. 1, 2010, made permanent Apr. 6, 2011, and made retroactive Nov. 1, 2011); see also Pub. L. No. 111-220, 124 Stat. 2372 (2010).

Because the recent amendments do not lower the Guideline range applicable to defendant, however, she is ineligible for a reduction at present. Therefore, her motion is denied.

# I. BACKGROUND

In February 1999, after a trial before the late Honorable Eugene H. Nickerson, a jury convicted defendant of conspiring to distribute crack cocaine and heroin, and of possessing and distributing crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. At defendant's sentencing, "[t]he court found that her total offense level was 42, requiring that it impose a minimum sentence of thirty years under the Guidelines," which were then mandatory. Burrell, 289 F.2d at 225. Based upon findings within the Presentence Report ("PSR") and "the evidence as [the sentencing court] f[oun]d it and as it was developed in the trial," ECF Docket # 265, Sentencing Transcript ("Sentencing Tr.") at 3, 5, Judge Nickerson held defendant "accountable for the distribution of a conservative estimate of over 61.54 kilograms of crack-cocaine." PSR at 7. This quantity resulted in a base offense level of 38, which the Court adjusted upward by two levels for defendant's possession of a firearm during the conspiracy, USSG § 2D1.1(b)(1), and by another two levels for defendant's role in the offense. Id. § 3B1.1; see Sentencing Tr. at 5. Notably, Judge Nickerson rejected the Probation Department's suggestion of a four-level upward adjustment for defendant's role as an organizer of the conspiracy. Such an adjustment would "bring [the sentence] . . . to life imprisonment," which Judge Nickerson did not "think [wa]s justified." Sentencing Tr. at 5. The Second Circuit upheld defendant's conviction and sentence on appeal. See Burrell, 289 F.2d at 226. The Sentencing Commission then twice retroactively amended the Guidelines relating to crack offenses in 2007 and 2010 and this motion followed.

# II. DISCUSSION

"The Supreme Court . . . [has] explained that § 3582(c)(2) permits a 'limited adjustment to an otherwise final sentence' . . . and set forth a 'two-step inquiry' for resolving motions for a reduction in sentence pursuant to this provision." United States v. Mock, 612 F.3d 133, 136-37

(2d Cir. 2010) (quoting Dillon v. United States, 130 S. Ct. 2683, 2690-91 (2010)). "First, the defendant in question must be *eligible* for a reduction in sentence." Id. at 137 (emphasis in original). To be eligible for a reduction, a defendant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon, 130 S. Ct. at 2691 (holding that, in sentence modification proceedings based upon the crack cocaine amendments, § 1B1.10 conclusively and *mandatorily* "determines [a] prisoner's eligibility for a sentence modification and the extent of the reduction authorized"). "If, and only if, a defendant is eligible for a reduction in sentence under" these provisions, then a district court may "'consider any applicable § 3553(a) factors and determine whether'" a reduction is warranted. Mock, 612 F.3d at 137 (quoting Dillon, 130 S. Ct. at 2692).

Defendant's sentence was based in part upon the crack cocaine Guidelines, the offense levels for which the Sentencing Commission has since lowered twice. Despite these general reductions, a sentence modification is "not authorized" where the crack cocaine amendments "do[] not have the effect of lowering *the defendant's* applicable guideline range," USSG § 1B1.10(a)(2)(B) (emphasis added), such as where "the weight of the controlled substances attributed to [defendant] is so great that [her] respective sentencing range[] would be the same under the amended Sentencing Guidelines," United States v. Johnson, 633 F.3d 116, 116 (2d Cir. 2011).

As in Johnson, here there is "no basis in the record to challenge successfully the [prior] determination of" drug quantity attributable to defendant. Id. at 118; see also USSG § 1B1.10(b)(1) (directing a court evaluating a § 3582(c)(2) motion to substitute the amended offense levels and "leave all other guideline application decisions unaffected"). At the time of

3

defendant's 2000 sentencing, the "conservative estimate" of over 61.54 kilograms of crack cocaine attributed to defendant represented over 40 times the minimum of 1.5 kilograms then required for the highest base offense level under the Guidelines. Although the recent amendments raise the minimum quantity of crack cocaine required for the highest base offense level (38) to 8.4 kilograms, see USSG § 2D1.1(c)(1); id. App. to Supp. C, amend. 750, this amount is still far below the more than 61.54 kilograms attributed to defendant in this case. Substituting the amended offense levels for those in place at defendant's sentencing, therefore, makes no difference; defendant's base offense level remains 38, her total offense level remains 42 and the applicable Guideline range remains 360 months to life imprisonment. See Johnson, 633 F.3d at 117 (affirming district court's denial of several § 3582(c)(2) motions where raised minimum quantities did not affect the defendants' applicable sentencing ranges).

While it is true that Judge Nickerson "made no . . . specific finding as to weight," ECF Docket # 372, Defendant's Motion at 3, the sentencing transcript confirms that the sentencing Court adopted the quantity findings in the PSR. During the sentencing hearing, defendant's attorney objected to the "computation by the Probation Department [as] just enormous" and repeated that defendant "denie[d] ever having any narcotics, denie[d] ever dealing." Sentencing Tr. at 3. Judge Nickerson rejected out of hand these challenges to the quantity attributed to defendant in the PSR, stating unequivocally, "I have to go by the evidence[,] . . . I can't retry a case on sentence[, and] I have to take the evidence as I find it and as it was developed in the trial." Id. Judge Nickerson concluded: "[I]t seems to me clear under the evidence in the case that the base offense level of 38 is right . . . [and] that the amount of crack cocaine was *far in excess* of what would amount to [a base offense level] of 38." Id. at 4-5 (emphasis added). Furthermore, in the Judgment relating to defendant, Judge Nickerson "adopt[ed] the factual findings in the

presentence report," including the drug quantity calculations, with the lone exception being "that the appropriate addition for role adjustment [wa]s two rather than four." ECF Docket # 249, Judgment at 4; see Johnson, 633 F.3d at 117-18 (affirming denial of § 3582(c)(2) motion where the sentencing court "did not make a specific finding as to" drug quantity, but "expressly adopted" a PSR finding above the amended minimum). Judge Nickerson, therefore, did far more than "merely reject[] [defendant]'s proposed factual contentions." United States v. Maturo, 982 F.2d 57, 62 (2d Cir. 1992). Rather, he "ma[de] specific affirmative factual findings" as to drug quantity, id., and this Court is without discretion or justification to disturb this prior determination.

The Court is sensitive to the fact that "[t]he best way to remedy the 'systematic injustice' produced by the old [crack] guideline is to err on the side of empowering district courts to revisit crack sentences." United States v. Rivera, 662 F.3d 166, 184 (2d Cir. 2011) (quoting United States v. Freeman, 131 S.Ct. 2685, 2695 (2011)). There will certainly be cases where a Sentencing Court, bound by the then-mandatory guidelines and the 1.5 kilogram cut-off for the highest base offense level, made an inadequate "[prior] determination of" drug quantity "attributable to . . . defendant[]," Johnson, 633 F.3d at 118, such that an evidentiary hearing may be "warranted to determine the quantity of crack cocaine attributable to [defendant], and therefore his eligibility for a sentence reduction." United States v. Mitchell, 828 F. Supp. 2d 576, 582 (E.D.N.Y. 2011) (Spatt, J.). Unfortunately for Ms. Miles, this is not such a case. The Sentencing Court was clear in its adoption of the PSR quantities of far greater than 8.4 kilograms of crack. Moreover, given defendant's central role in the daily management of the drug operation, this Court cannot in good faith question that the PSR's conservative drug estimate was not "reasonably foreseeable" or known to defendant for drug attribution purposes. See USSG §

1B1.3(a)(1)(B) (base offense level "shall be determined on the basis of . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity.").

Lacking the discretion to modify defendant's sentence, the Court need not consider defendant's arguments for a downward variance and that the Court consider information bearing upon the factors enumerated in 18 U.S.C. § 3553(a).

### III. CONCLUSION

The law of sentencing has evolved greatly over the past few years. While this evolution has benefited some of defendant's co-conspirators, the timing of defendant's conviction and the circumstances of her offense place such developments, and their accompanying remedies, beyond reach. Thus, for the reasons stated above, defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Brooklyn, New York
     July 18, 2012                                                     s/ Judge Raymond J. Dearie

                                                                                          RAYMOND J. DEARIE
                                                                                          United States District Judge